## LIVINGSTON vs. CORION.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

2L 441
108 133

Where a principal constitutes another person his attorney in fact to sell a specific piece of property within a limited time, if a sale is made subsequently, without a prolongation of the time by the consent of the owner, it is null and void.

But if the principal writes to his attorney in fact just before the period of limitation expires, and states it to be his intention and will that the sale be made at a period later than that specified in the original authority, a sale made subsequently to the time first specified will be valid, and cannot be rescinded for want of authority in the agent to sell.

In a suit for the rescission of a sale of property for want of authority in the agent to sell, and of *lesion* in the price, if no decision is made by the District Court on the allegation of *lesion*, it will not be noticed in the Supreme Court.

On the 16th July, 1825, the plaintiff conveyed to Antoine Abat a tract of land, situated in the parish of Plaquemine, containing about forty-two arpents front, with forty in depth, with condition that he should sell the same before the first

day of February, then next ensuing, by public or private sale, for the best price he could get, and apply the proceeds, first, to the payment of the costs of the deed of sale and commissions; secondly, to pay the sum of six thousand seven hundred and seventy dollars and fifty-eight cents, due to four creditors, whose debts were secured by mortgage on the land; thirdly, the residue, if any, to be ratably divided between his other creditors, not privileged, whose names were mentioned, and the amount due to each.

On the 18th December, 1825, the plaintiff wrote to his agent Bechtel, and says, among other things,—"Tell him (*Abat*) I will send him instructions about the sale of the wood lot (the land in question) in two or three days, at farthest. I think, if you would take the trouble to speak to the persons interested, individually, they would see it for their interest to have the sale postponed for a few months; you may be preparing this, by speaking to each of them you know, or rather telling Abat to speak to them, and in a few days he shall receive my consent in writing, which will be necessary for his justification."—This was communicated to Abat by Bechtel.

Accordingly, on the 17th January following, he wrote as follows:

"J'espère que les personnes intéressées auront consenti au renvoi de la vente de l'habitation en bas; dans le cas contraire il faut se soumettre à la perte. Je ne sais de quelle manière je peux vous compenser de tout le tracas que mes affaires doivent vous occasioner."

Abat not finding a purchaser before the expiration of the time limited in the deed, did, upon the authority of these letters, convey the said land to the defendant, on the 3d of April, 1826, for the sum of seven thousand dollars, payable in five annual instalments.

This suit was brought to set aside the sale, on two grounds: first, that Abat had no authority to sell, after the time limit-

ed by the deed from the plaintiff to him had expired; and secondly, that the sale ought to be set aside on the ground of lesion.

There was judgment for the defendant in the court below, and the plaintiff appealed.

*Lockett* for appellant.

*Dennis* for appellee.

*Mathews, J.* delivered the opinion of the court.

This suit is brought to rescind the sale of a certain tract of land, situated in the parish of Plaquemines. Two grounds for recision are alleged in the petition: 1st, want of power in A. Abat, who made the sale as agent for the plaintiff; 2d, lesion in the price. The judgment of the court below is in favour of the defendants, from which the plaintiff appealed.

The decision of the cause, in its present situation before this court, depends entirely on the interpretation which ought to be given to the power or authority under which the agent assumed to act in the sale (of the property) now claimed to be rescinded.

The evidence adduced on the trial in the District Court, shews that the plaintiff was, on the 16th of July, 1825, the owner of the land in dispute; that on that day, he conveyed it to A. Abat, to be sold by the latter for the best price which could be obtained prior to the 1st of February following, (1st February, 1826) to be appropriated to the payment of certain debts of the plaintiff, as designated on a schedule annexed to the act of transfer made to his agent, or trustee, who was authorized to sell, either in private form, or cause sale to be made at auction. The latter mode was adopted, and the property advertised on the 23d of January, 1826, to be sold on the 10th day of February following: but no sale could be effected, for want of bidders. It was finally sold on the 3d of April, 1826, and a conveyance made on the 6th of the same month, to Madame Corion by Abat, in pursuance of the public sale.

If the pretensions of the parties rested wholly on these facts, it seems clear that the trustee, or attorney-in-fact, exceeded his authority, and the sale should be annulled as to the plaintiff. But it is contended, on the part of the defendant, that, subsequent to the deed of conveyance to Abat, by which he was limited to the 1st of February, 1826, to make sale of the land, for the account and benefit of Livingston and his creditors. The owner of the property extended the authority given to his agent indefinitely as to time;—and in support of this fact, two letters of the plaintiff are introduced; one to J. D. Bechtel, who appears, from the tenor of the communications made to him, to have been a kind of general agent for the writer; and another, directed to the attorney or trustee who had been authorized to sell the property now in dispute, as above stated. As these letters must form the basis of our judgment, the correctness of which depends solely on a just interpretation of their meaning, it is deemed proper here to transcribe those parts of them which relate to the present contest.

In the letter to Bechtel, which bears date at Washington, on the 18th of December, 1825, and was communicated to Abat on the 21st of January, 1826, the writer states to his correspondent that he was then particularly busy, or he would have written to Abat, and requests the former to tell the latter that he would send him instructions about the sale of the wood lot, which is the land in question, in two or three days at farthest, and then proceeds to say,—"I think if he (Abat) would take the trouble to speak to the persons interested, individually, they would see it for their interest to have the sale postponed for a few months. You, may-be, will hurry this by speaking to such of them as you know, or rather let Mr. Abat speak to them; and in a few days he will receive my consent in writing, to postpone the sale, which will be necessary for his justification."

The letter to Abat direct, bears date at Washington on

the 17th of January, 1826. It contains instructions relative to other business, which seems to have been committed to his agency by the writer, and only incidentally touches the subject of the land which was about to be sold under the authority vested in Abat by the deed of July, 1825; which was done in the following words:

*Eastern District, June 1831*

LIVINGSTON
*vs.*
CORION.

"J'espère que les personnes intéressées auront consenti au renvoi de la vente de l'habitation en bas; dans le cas contraire il faut se soumettre à la perte."

In order to give a just and proper effect to the contents of these two letters, they must be considered in relation to the original power granted to the agent and trustee by the deed of July, 1825. Under that act we shall view him simply as an attorney-in-fact, appointed to sell a specific piece of property, which he was bound to effect within a limited time, which, if not prolonged by the consent of the owner, any acts done under it, would be void. The only question, then, for solution is, whether these letters, taken either separately or conjointly, show a consent on the part of the owner, that the property might be sold, at the discretion of his agent, at any time subsequent to that pointed out in the original power. The letter addressed to Bechtel, and by him communicated to Abat, may well be looked on as the written expressions of Livingston's will, wishes, and desires in relation to the sale about to be made, directly communicated to his attorney, to whom had been intrusted the negotiation of this particular business. His will that the agent should have power to sell the property at a period later than that prescribed in the original authority, is clearly expressed in this letter. It contains the very consent which he alleged to Bechtel would be necessary to justify Abat in a postponement of the sale. The context of the writing does not imply that the consent of the writer was conditional on the agreement of his creditors. On his part it was absolute and unconditional. The clause of the letter addressed di-

*Where a principal constitutes another person his attorney-in-fact to sell a specific piece of property within a limited time, if a sale is made subsequently, without a prolongation of the time by the consent of the owner it is null and void.*

*But if the principal writes to his attorney in fact just before the period of limitation expires, and states it to be his intention and will that the sale be made at a period later than that specified in the original authority, a sale made subsequently to the time first specified will be valid, and cannot be rescinded for want of authority in the agent to sell.*

Eastern District,
June 1831.

LIVINGSTON
vs.
CORION.

In a suit for the rescission of a sale of property for want of authority in the agent to sell and of lesion in the price, if no decision be made by the district court on the allegation of leison, it will not be noticed in the supreme court

rectly to Abat which relates to the transaction giving rise to the present suit, does not in any manner militate against the consent given in that to Bechtel; it is rather in confirmation of the former expression of will. In pursuance of the best consideration we have been able to give the case, our conclusion, based on what we consider a just, legal, and equitable interpretation of these letters, corresponds with that of the judge *a quo*.

No decision having been made in the court below, in relation to the allegation of lesion, this court is not bound to notice it.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be affirmed with costs.